JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-CV-3184

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Pension, Annuity, Health & Welfare, Vacation, and Training Funds; Bricklayers and Allied Craftworkers Local 1 of PA/DE; Bricklayers and Trowel Trades International Pension Fund
2706 Black Lake Place
Philadelphia, PA 19154

**DEFENDANTS**

American Flooring Concepts          Dominick Calarco
274 Bangor Street                        274 Bangor Street
Lindenhurst, NY 11757                   Lindenhurst, NY 11757

**(b)** County of Residence of First Listed Plaintiff     Philadelphia, PA

County of Residence of First Listed Defendant      Suffolk, NY

*(EXCEPT IN U.S. PLAINTIFF CASES)*

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Curley, Esq.          215-629-4970
O'Donoghue & O'Donoghue, LLP
325 Chestnut Street, Suite 515
Philadelphia, PA 19106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ❏ 1 | U.S. Government Plaintiff | |
| ❏ 2 | U.S. Government Defendant | |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ❏ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                *and One Box for Defendant)*

|                          | PTF | DEF |                                              | PTF | DEF |
|--------------------------|-----|-----|----------------------------------------------|-----|-----|
| Citizen of This State    | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❏ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from Another District *(specify)* | ❏ 6 Multidistrict Litigation - Transfer     ❏ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ERISA (29 U.S. SEC 1001, et seq.)

Brief description of cause:
Failure to implement the terms of an executed Collective Bargaining Agreement

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Pratter          DOCKET NUMBER   16-6079

DATE
07/14/2017

SIGNATURE OF ATTORNEY OF RECORD

JUL 17 2017

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

**UNITED STATES DISTRICT COURT**

 17  3184

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Bricklayers and Allied Craftworkers, et. al, 2706 Black Lake Place, Philadelphia, PA 19154_

Address of Defendant: _American Flooring Concepts and Dominick Calarco, 274 Bangor Street, Lindenhurst, NY 11757_

Place of Accident, Incident or Transaction: _Philadelphia, PA_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑
*RELATED CASE, IF ANY:*
Case Number: _16 – 6079_   Judge _Pratter_   Date Terminated: _April 24, 2017_

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☑   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☑   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) _ERISA (29 USC. SEC 1001, et. seq.)_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _Robert P. Curley_ , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: _07/14/2017_   _____   _55760_
   Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

JUL 17 2017

DATE: _____   _____   _____
   Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Trustees of the Bricklayers and Allied Craftworkers<br>Local 1 of PA/DE, et. al. | : | CIVIL ACTION |
| v. | : | **17   3184** |
| American Flooring Concepts and<br>Dominick Calarco | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　(✓)

| | | |
|---|---|---|
| 07/14/2017 | Robert P. Curley, Esq. | Bricklayers & Allied Craftworkers, et. al. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 629-4970 | (215) 629-4996 | rcurley@odonoghuelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 17 2017





## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRICKLAYERS & ALLIED CRAFTWORKERS :
LOCAL 1 OF PA/DE :
2706 Black Lake Place :
Philadelphia, PA 19154 :
:                                    **17    3184**
and :
:
TRUSTEES OF BRICKLAYERS & ALLIED :
CRAFTWORKERS LOCAL 1 OF PA/DE :
JOINT APPRENTICE AND TRAINING FUND :
2702 Black Lake Place :
Philadelphia, PA 19154 :
: Case No.
and :
:
TRUSTEES OF BRICKLAYERS & ALLIED :
CRAFTWORKERS LOCAL 1 OF PA/DE :
ANNUITY FUND :
2791 Southampton Road - Suite 1 :
Philadelphia, PA 19154 :
:
:
and :
:
TRUSTEES OF BRICKLAYERS & ALLIED :
CRAFTWORKERS LOCAL 1 OF PA/DE :
PENSION FUND :
2791 Southampton Road - Suite 1 :
Philadelphia, PA 19154 :
:
and :
:
TRUSTEES OF BRICKLAYERS & ALLIED :
CRAFTWORKERS LOCAL 1 OF PA/DE :
HEALTH AND WELFARE FUND :
2791 Southampton Road - Suite 1 :
Philadelphia, PA 19154 :
:
and :
:
TRUSTEES OF BRICKLAYER & TROWEL :
TRADES INTERNATIONAL PENSION FUND :
620 F Street, N.W., Suite 700 :

Washington, D.C. 20004                              :
                                     Plaintiffs,    :
                  v.                                :
                                                    :
AMERICAN FLOORING                                   :
CONCEPTS                                            :
274 Bangor Street                                   :
Lindenhurst, NY 11757                               :
                                                    :
                  and                               :
                                                    :
DOMINICK CALARCO                                    :
274 Bangor Street                                   :
Lindenhurst, NY 11757                               :
                                     Defendants.    :
_____

## COMPLAINT

## JURISDICTION AND VENUE

1.      This is an action to enforce Defendants' contractual obligation to comply with the terms of the Collective Bargaining Agreement executed with Bricklayers and Allied Craftworkers Local 1 of PA/DE, and to enjoin violations of the terms of the Agreement. The court has jurisdiction of this action under § 301(c) of the LMRA, 29 U.S.C. § 185(c), and § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and 28 U.S.C. §§ 1331 and 1337 providing for original jurisdiction in the District Courts of the United States in Civil Actions that arise out of Acts of Congress regulating commerce.

2.      Venue in the United States District Court for the Eastern District of Pennsylvania is proper pursuant to § 301(c) of the LMRA, 29 U.S.C. § 185(c), and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) since Plaintiffs reside and maintain their administrative offices in the Eastern District of Pennsylvania.

2

**PARTIES**

3.      Plaintiff Bricklayers and Allied Craftworkers Local 1 of PA/DE ("BAC-1" or "Union") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and § 301(a) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185(a); and an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4), with its principal office at 2706 Black Lake Place, Philadelphia, PA 19154.

4.      Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Health & Welfare, Joint Apprentice and Training, Pension, Annuity Funds ("Local Trust Funds"); and the Board of the Trustees of the Bricklayer and Trowel Trades International Pension Fund ("International Trust Fund") are multiemployer benefit plans as that term is defined in Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37).  The Local Trust Funds and International Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust, and are provided for in the Collective Bargaining Agreement between the Bricklayers and Allied Craftworkers Local 1 of PA/DE and the Defendants.  The Local Trust Funds are administered by the Trustees of the Local 1 Health & Welfare Fund, 2791 Southampton Road - Suite 1, Philadelphia, PA 19154; the Trustees of the Local 1 of PA/DE Joint Apprentice and Training Fund, 2702 Black Lake Place, Philadelphia, PA 19154;  the Trustees of the Local 1 Annuity Fund, 2791 Southampton Road - Suite 1, Philadelphia, PA 19154; and the Trustees of the Local 1 Pension Fund, 2791 Southampton Road - Suite 1, Philadelphia, PA 19154. The International Trust Fund is administered by the Trustees of the Bricklayer and Trowel Trades International Pension Fund ("International Trust Fund"), 620 F Street, N.W., Suite 700, Washington, D.C. 20004.

5.      Defendant American Flooring Concepts (hereinafter "American Flooring") is believed and therefore averred to be a corporation organized and existing under the laws of the State of New York. American Flooring is an employer within the meaning of § 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2) and § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Defendant American Flooring is also an employer within the meaning of § 3(5) of ERISA 29 U.S.C. § 1002(5) and within the meaning of § 515 of ERISA, 29 U.S.C. § 1145, with its principal place of business located at 274 Bangor Street, Lindenhurst, NY 11757.

6.      Defendant Dominick Calarco is an adult citizen residing in the State of New York. This Complaint is brought against Dominick Calarco in his individual capacity as well as in his capacity as Owner and chief officer of American Flooring. Upon information and belief, Dominick Calarco exercises control and discretion over the payroll of American Flooring, including decisions regarding the collection and disbursement of any payroll deductions required under the Collective Bargaining Agreement ("CBA"), Trust Documents, or as authorized by his employees. As such, Dominick Calarco is a fiduciary to the BAC-1, the Local Benefit Funds and the International Funds as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

## FACTS

7.      At all relevant times, Defendant American Flooring has been a party to a CBA requiring the payment of health and welfare, pension, annuity, vacation and apprenticeship benefits, union dues, building fund contributions and PAC contributions to BAC-1 and the Local and International Trust Funds.

8.      The Employer, through its Owner, Dominick Calarco, executed a CBA with the Bricklayers and Allied Craftworkers Local 1 of PA/DE establishing the terms and conditions of employment for those covered craftworkers employed by American Flooring.

4

9.     Pursuant to its CBA, American Flooring agreed to pay to BAC-1, the Local Trust Funds and the International Trust Funds certain sums of money for each hour worked by all employees of Defendant covered by the CBA.

10.     The CBA provides that upon signing:

> The Employer agrees to contribute to jointly administered benefit funds, as more fully set forth herein . . . and in each part of this Agreement applicable to a particular craft, such contributions as are required under this Agreement. Contributions shall be remitted and received at the applicable Fund office, along with Employer Contribution Reports, not later than the 15th day of the month following the month in which the work was performed. Employer agrees to pay by electronic remittance and/or ACH debit transfer. Title to all monies paid into and/or due and owing to the Funds … shall vest in and remain exclusively in the Trustees of the Funds...

11.     The CBA further provides that when an employer fails to make their contributions on time:

> [T]he Employer shall be assessed and required to pay interest at the rate of 12% per annum plus liquidated damages in the amount of 10 % of the principal amount due. In the event that delinquent contributions are referred to an attorney for collection, the Employer shall also be assessed and required to pay all attorney's fees and costs of collection.

12.     The International Trust Funds provide that delinquent employers shall be assessed and required to pay interest at the rate of 15% per annum, plus liquidated damages equal to 20% of the principal amount due.

13.     Through the CBA, American Flooring is also bound to the Agreements and Declarations of BAC-1 Trusts (hereafter "Trust Agreements"), and the Statement of Policy for Collection of Delinquent Contributions (hereafter "Statement of Policy") of BAC-1 and the Local and International Trust Funds.  The Trust Agreements provide that all employers who become party to

the CBA and Trust Agreements agree to be bound by the decisions of the Trustees on contribution delinquencies.

14.     The CBA provides:

> Contributions required under this Agreement shall become assets of each Fund as of the date on which they are earned and the Employer agrees that such contributions are held exclusively in trust for the applicable Fund as of the date on which they are due and owing to the Funds.

15.     The CBA provides that the Board of Trustees, or their authorized agents, have the right, at any reasonable time, to examine any and/or all records of the Defendant employer to establish that all payments required under the terms of the CBA have been paid to the respective Funds.

16.     The Trust Agreements state that if an employer is delinquent paying its contributions to the Benefits Plans, the Plans may seek personal liability against the individual owner(s) or principal(s) of the company.  For example, the Health and Welfare Plan states that:

> In any action to recover, compel and enforce the payment of contributions as set forth in Section 7.2, the Trustees shall have the authority and right to seek personal liability against an owner, principal or officer of an Employer for breach of fiduciary duties with respect to the disposition of such contributions as assets of the Fund.

17.     The Statement of Policy adopted by the Local Funds' Trustees provides that interest and liquidated damages are assessed on delinquent contribution amounts. Thus, the Statement of Policy establishes that:

> Interest owed by a delinquent employer shall be calculated from the Due Date for the delinquent Contributions, at the rate specified in the collective bargaining agreement.  If there is no such rate specified, the rate shall be 12% per annum of the principle amount due . . . Liquidated damages shall be calculated from the Due Date and shall become due and owing on the 20th day of the month in which the contributions are due.  The amount of the liquidated damages shall be a flat 10% of the delinquent contributions or $10.00, whichever is greater . . . Attorney's fees shall be assessed against a delinquent employer . . . [and] [a]ll costs actually incurred in court actions for

collection of delinquent Contributions or to enforce the Trustee's [sic] right to audit the employer's payroll records shall be assessed against the delinquent employer, including, but not limited to, filing fees for service of process, transcript costs, copying charges, postage, and such other costs as would otherwise be charged to the Board of Trustees.

18.     The CBA and the Statement of Policy for collection of delinquent contributions under which Defendants are bound further provides that all costs incurred in Court actions for collection of delinquent contributions shall be assessed against Defendants.

19.     The amounts of Defendants' delinquent contributions cannot be determined until Defendants remit the required dues and benefits reporting forms allowing the Plaintiffs to determine the amounts outstanding.

## COUNT ONE
## BREACH OF CONTRACT UNDER SECTION 301
## OF THE LABOR MANAGEMENT RELATIONS ACT
## AGAINST OWNER COMPANY

20.     Plaintiffs incorporate by reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.

21.     Defendants executed a CBA with BAC-1 on June 28, 2016.

22.     Defendants to date have failed to report or pay contributions, accrued interest and liquidated damages on the unpaid principal contributions for the work period June 1, 2016 through the present in amounts yet to be determined until the dues and benefit contributions are reported as required under the terms of the CBA.

23.     Defendants' failure to report or pay benefit contributions and remit deducted, but unpaid, union dues and assessments constitute willful breaches of Defendants' contractual obligations and responsibilities to their employees who perform work pursuant to the above referenced Collective Bargaining Agreement and violates Section 301 of the LMRA.

## COUNT TWO
### BREACH OF CONTRACT AND BREACH OF STATUTORY OBLIGATIONS UNDER SECTION 515 OF ERISA 29 U.S.C. § 1145 AGAINST COMPANY

24.     Plaintiffs hereby incorporate by reference paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     Defendants have failed to report or pay outstanding contributions as required under the terms of the CBA, Agreement and Declaration of Trust between the Bricklayers & Allied Craftworkers Local 1 of PA/DE and the employer and the Statement of Policy for Collection of Delinquent Contributions of the Bricklayers & Allied Craftworkers Local 1 of PA/DE and related Fringe Benefit Funds and, thus, Defendants, jointly and severally, are in breach of their statutory obligations under Section 515 of ERISA, 29 U.S.C. § 1145.

26.     Interest on the unpaid and outstanding principal benefit fund contributions continue to accrue at the rate of 12% per annum to the Local Plaintiff Funds and 15% per annum to the Plaintiff International Fund until all unpaid benefit fund contributions are paid in full.

27.     Defendants' failure to remit deducted dues and assessments and to pay reported and unreported contributions and failure to fully comply with the terms of the CBA constitute a willful breach of Defendants' responsibilities to their employees who perform work pursuant to the terms of the Collective Bargaining Agreement and violates § 515 of ERISA, 29 U.S.C. § 1145.

## COUNT THREE
### BREACH OF CONTRACT UNDER § 301 OF LMRA AND BREACH OF FIDUCIARY DUTIES UNDER ERISA AS AGAINST OWNER IN HIS INDIVIDUAL CAPACITY

28.     Plaintiffs hereby incorporate by reference paragraphs 1 through 27 of this Complaint as if fully set forth herein.

8

29.     At all relevant times herein, Defendant Dominick Calarco served as the President and sole Owner of Defendant American Flooring and directed the corporation's financial operation and oversaw all other business activities of the corporation.

30.     By virtue of exercising this power and control over the day to day financial and business affairs of Defendant American Flooring, including the power and responsibility to issue payroll checks to the employees of American Flooring, to deduct dues and to distribute portions of each employee's economic compensation to the various Plaintiff Funds, Defendant Dominick Calarco has at all times herein acted as an employer as defined in § 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2), and in § 3(5) of ERISA, 29 U.S.C.§ 1002(5) and as a fiduciary as that term is defined in § 3(21)(A)(i) and (iii) and § 515 of ERISA, 29 U.S.C. § 1002(21)(A)(i) and (iii) and § 1145.

31.     In failing to make the mandated payments to Plaintiffs and the required employee benefit fund contributions in a timely manner on behalf of the company's employees as set forth above, Defendant Dominick Calarco wrongfully retained Union, dues, and payroll contributions and held in trust for BAC Local 1 and the Plaintiff Funds and wrongfully converted the dues and benefit contributions to an improper use by the company and further failed to fulfill his fiduciary duty to make the mandated contributions in a timely manner for the participants in the employee benefit funds under their employ.

32.     Pursuant to Article 6 of the Collective Bargaining Agreement, "Contributions … shall become assets of each fund as of the date on which they are earned and the Employer agrees that such contributions are held exclusively in trust for the applicable Fund as of the date on which they are due and owing to the Funds."

33.     Through his wrongful conduct, Defendant Dominick Calarco is personally liable

9

for the amounts owed to the Plaintiffs and the interest, liquidated damages, costs and attorney fees owed to the Funds based on the agreements as set forth above.

**COUNT FOUR**
**COMMON LAW CONVERSION AS**
**AGAINST OWNER**
**IN HIS INDIVIDUAL AND CORPORATE CAPACITY**

34.     Plaintiffs hereby incorporate by reference paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     At all relevant times herein, Defendant Dominick Calarco exercised control over the assets of Defendant American Flooring, including writing checks on the accounts of the corporation and otherwise controlling the distribution of the corporation's liquid assets.

36.     By willfully failing and refusing to deliver the required deducted dues and unpaid benefit contributions to Plaintiffs in a timely manner in accord with the Collective Bargaining Agreement and trust agreements of Plaintiff Funds, thereby interfering with and depriving Plaintiffs of the possession and use of the contractually mandated payments and employee benefit contributions to which Plaintiffs were lawfully entitled, Defendant Dominick Calarco wrongfully converted these funds to his own use and/or the use of Defendant American Flooring, without the consent of Plaintiffs and without any legal justification whatsoever.

WHEREFORE, Plaintiffs, on their own behalf and on behalf of their participants and members, request judgment finding both Defendants Dominick Calarco and American Flooring, individually, personally and jointly and severally liable, and issue an Order requiring that:

(a)     Defendants American Flooring submit to a complete examination of Defendants' financial records through a Payroll Compliance Review, or audit, for the work period June 1, 2016 through the present by providing all documents requested by the auditor;

10

(b)     Defendants remit requested employer check registers and/or check images for all accounts for the work period June 1, 2016 through the present;

(c)     Defendants remit bank statements for the work month periods not originally provided, from June 1, 2016 to the present date;

(d)     Defendants report and pay all contributions owed that remain unpaid for the work period June 1, 2016 through the present;

(e)     Defendants pay all interest accrued or still accruing on all unpaid or late paid contributions to the present;

(f)     Defendants pay all liquidated damages accruing on the unpaid contributions to the present;

(g)     Defendants pay all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

(h)     Defendants pay for the cost of the audit and legal fees and costs; and

(i)     Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

DATE: July 14, 2017           By:     RPC3936
                                      Robert P. Curley
                                      Attorney I.D. No. 55760

                                      **O'DONOGHUE & O'DONOGHUE LLP**
                                      325 Chestnut Street, Suite 515
                                      Philadelphia, PA  19106
                                      Telephone (215) 629-4970
                                      Facsimile (215) 629-4996
                                      rcurley@odonoghuelaw.com

11